THE DENVER & RIO GRANDE R. 'R. CO., PLAINTIFF IN
ERROR, v. MARSHALL DE WITT, DEFENDANT IN ERROR.

1. CONSTRUCTION OF CARRIER'S CONTRACT TO TRANSPORT GOODS.—An
   express company received a package of merchandise for transpor-
   tation to " R.," a point not on its line, which it undertook to forward
   to the station on its line most convenient to the point of destination
   and there deliver to other parties to complete the transportation.
   The express company had two lines in that section of the state, the
   "Northern" and the "Southern," the latter passing nearer " R.,"
   and the nearest station being connected therewith by a line of stage-
   coaches.   " D." being a well known point on the " Southern" route,
   the consignor, to insure a speedy delivery, caused the package to
   be marked for shipment, " *via* D."   On its arrival at the latter point
   the company's agent stopped it, claiming the contract for transpor-
   tation was completed under the shipping directions, by its carriage
   to that station.   He conceded that if consigned to " R." without
   the words " *via* D.," it would have been carried forty or fifty miles
   further to the station nearest " R."   In an action brought by the
   consignee for damages occasioned by the delay, *held*, that the ex-
   press company violated its contract by stopping and detaining the
   package at " D."
2. SIGNIFICATION OF SHIPPING DIRECTIONS.—The term *via* is never
   used to designate a terminal point, and the fact that the consignor
   directed that goods delivered a carrier for transportation to " R,"
   be shipped " *via* D.," which was a point on the route selected but
   not the nearest or most available to " R.," affords no ground of de-
   fense to an action for the damages sustained by reason of their de-
   tention at " D."
3. MEASURE OF DAMAGES FOR FAILURE TO TRANSPORT.—The contract
   for shipment does not contemplate nor cover damages for loss of
   time by the consignee in awaiting the arrival of the goods at the
   point of destination, and evidence of damages of this character was

inadmissible.· It was likewise error to instruct the jury to consider such evidence in their estimate of damages.

*Error to District Court of Arapahoe County.*

Messrs. WOLCOTT & VAILE, and Mr. HENRY F. MAY, for plaintiff in error.

Mr. S. C. HINSDALE, for defendant in error.

REED, J.   Defendant in error was a traveling salesman of dry goods by samples, the goods sold to be afterwards delivered.   About the 12th of July, 1888, he had sold goods for delivery in the town of Rico, and ordered them from a house in Denver.   Plaintiff in error, it appears, was, in addition to its ordinary business, doing an express business over its lines of railroad.   The town of Rico is shown to have been, not upon a railroad, but some forty miles west of it, the nearest station where goods were carried at that time being Rockwood, from which stages ran to Rico.   It also appears that there were two railroad routes by which goods might be forwarded to Rico, one known as the Northern and the other as the Southern, the distance from Rockwood to Rico being much shorter than from any point on the Northern route.   Durango is an important business point on the Southern route, some forty or fifty miles south of Rockwood, which was the terminus of the railroad at that time.   The goods were put up by the Denver house, directed to defendant in error at Rico, "*via* Durango;" were delivered to plaintiff in error to be carried by express, and a receipt or shipping bill taken.   In the ordinary course of transportation the goods should have reached Rico in two or at most three days.   The goods were stopped by plaintiff in error's agent at Durango, there being no public carrier from that point to Rico.   No notice was given by the agent to the consignee of such arrival or detention, he waiting at Rico and daily expecting the arrival of the goods.   Failing to arrive, he instituted inquiries and after a time· learned the facts from the agent at

Durango, who declined to forward the goods except upon payment of $3 for carriage to that point.    The payment was made and the goods forwarded to Rockwood, reaching Rico eight or ten days after shipment.    The suit was brought for damages for a failure to perform the contract within the proper time.

It is contended by the plaintiff, that the defendant in error having selected the route, and the package being directed " *via* Durango," the contract was complied with by the transportation to Durango, and the detention proper until called for by consignee.    This contention cannot prevail. " *Via*," "by way of," is never used to designate a terminal point, but when there are two or more available routes, to designate by which the thing should be conveyed.    The plainly marked destination was Rico.    The contract was to carry to that point if its lines of business extended there, if not to deliver to another carrier, if any such there was; if there was no such, to carry to the nearest available point or station and notify the consignee.    It appears in evidence that Rockwood was the point to which goods by express were carried by rail at that time, and there delivered to parties running coaches to be carried and delivered at Rico.    To comply with its contract plaintiff in error, in the absence of other instructions, was required to forward the goods by its ordinary route and use reasonably available means to enable the goods to reach their destination.    This was not done, nor was notice given of the detention.    Take an extreme, but parallel case,—a package of goods is shipped by express to Kansas City, Mo., directed " *via* Pueblo," a designation of the route; will it be contended that the carrier could terminate the transportation at Pueblo ?    So with Durango, a point on the route.    The point to which the goods were to be carried was beyond the terminus of its route.    Its responsibility would only cease upon the delivery of the goods in good order to the next carrier at such terminus.    This principle of law is so well known and established that authorities in its support seem unnecessary.    An almost parallel

case, but with the facts more in favor of appellant's position than this case, is *Rawson v. Holland*, 59 N. Y. 611. The carrier at New York received goods marked "Day & Lathrop, Dryden, Michigan, *via* Ridgeway," but contracted to carry only to Detroit. The goods were carried to the terminus of the line, Detroit,—were not forwarded or offered for carriage to any line by which they could reach their destination,— were stored and burned. In a very able and carefully written opinion by Andrews, J., the carrier was held liable for their value. See also, *Judson v. Western R. R. Co.*, 4 Allen (Mass.) 520; *Grindle v. Eastern Ex. Co.*, 67 Me. 317.

The contract entered into and receipt given for the goods contains the following: "To be forwarded to its agency nearest or most convenient to destination only, and there delivered to other parties to complete the transportation." There is no mistaking this language, or the duties assumed by it.

There was some evidence introduced to show that it was the custom of the express company to stop all goods at Durango marked "Rico, *via* Durango." This custom or usage could not in any way affect appellee. It is a general rule that a local usage must be shown to have been known to the party before he will be bound by it. No proof of such knowledge was attempted. Under the case made, appellee was clearly entitled to damages for the detention and failure of appellant to perform its contract.

Appellee testified that he lost upon the goods in re-selling, by reason of the detention, $8; that he was detained in Rico seven days while waiting for the goods, and (over an objection) that his time was worth $12.69 per day. It was error to allow evidence of the loss of time and its value per day. The charge of the court upon the same point was erroneous. It is not a damage resulting from the failure to perform,—is too remote and consequential to be considered,— one not contemplated by either party in entering into the contract. See Ang. on Carriers, § 490; Browne on Carriers, § 685; Sedg. on Dam. § 856; *Woodger v. Great West. R. R.*,

L. R. 2 C. P. 318; *British Col. Saw Mill Co. v. Nettleship*, 3 L. R. C. P. 499; *Corry v. Thames Iron Works Co.*, 3 L. R. G. B. 181.

An improper rule for the measure of damages having been adopted, the judgment must be reversed.

*Reversed.*